**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re: | |
|     TAMBA N. GBOKU | Chapter 13 |
|         Debtor(s) | |
|     CROSSCOUNTRY MORTGAGE, LLC | Case Number: 25-10132-djb |
|         Movant | |
| v. | |
|     TAMBA N. GBOKU | |
|         Debtor(s) | |
|     JASO VANDI | |
|         Co-Debtor | |
|     KENNETH E. WEST | |
|         Trustee | |
|         Respondent(s) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY WITH**
**RESPECT TO PROPERTY: 805 6TH ST., CHARLEROI, PA 15022**

      CrossCountry Mortgage, LLC, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and §1301 and in support thereof respectfully represents as follows:

1. Movant is CrossCountry Mortgage, LLC (hereafter referred to as "Movant").

2. Debtor(s), Tamba N. Gboku (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 805 6th St., Charleroi, PA 15022.

3. On August 15, 2023, Tamba N. Gboku and Jaso Vandi, executed and delivered a Note in the principal sum of $76,363.00 to CrossCountry Mortgage, LLC, a Limited Liability Company.  A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Tamba N. Gboku and Jaso Vandi, executed and delivered a Mortgage to Mortgage Electronic Registration Systems, Inc., solely as nominee for CrossCountry Mortgage, LLC.  The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Washington County on August 18, 2023 at Instrument 202316314.  A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 805 6th St., Charleroi, PA 15022.

6. By assignment of mortgage, the loan was ultimately assigned to  CrossCountry Mortgage, LLC. A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtor(s) filed the instant Chapter 13 Bankruptcy on January 13, 2025 and, as a result, any state court proceedings were stayed.

8. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional

delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

9. Debtor's mortgage loan is in default and is currently due for the February 1, 2025 payment and each subsequent payment through the date of the motion.  Debtor(s) has/have failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | |
|---|---|
| Monthly Payments in Default | 02/01/2025 to  04/01/2025 |
| Monthly payments ($821.07 x 3) | $2,463.21 |
| Total Amounts Due as of April 24, 2025: | $2,463.21 |

10. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

11. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

12. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $85,600.00, with Movant's first lien against the property in the amount of $78,167.76. Accordingly, there is little to no equity in the Property and the property is not necessary for an effective reorganization.  A copy of the Debtor's Schedule D is attached as Exhibit "D" and incorporated herein by reference.

13. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

14. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, CrossCountry Mortgage, LLC, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 and §1301 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

By: */s/ Daniel P. Jones*
Daniel P. Jones
Bar Number: 321876
Date: May 9, 2025                Email: djones@sterneisenberg.com